IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYESHA N. ISOM, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1386-E-BK |
| | § | |
| RIDE TIME LLC, | § | |
|     DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.    BACKGROUND

On June 14, 2021, Isom, a Dallas, Texas, resident, filed a *pro se* complaint against Ride Time LLC of Garland, Texas, complaining generally about a vehicle transaction. Doc. 2 at 1. Isom asserts that after she paid Ride Time a $2,000 deposit for the purchase of a vehicle, Ride Time sold the vehicle to another customer. *Id.* Isom claims that although she later agreed to buy a different vehicle from Ride Time, she did not like the second vehicle and Ride Time refused to refund her $3,000 deposit (including an additional $1,000 deposit paid for the second vehicle). *Id.* Isom seeks $8,500 in damages and a refund of the $3,000 deposit. *Id.*

In the *Civil Cover Sheet*, Isom checks the box for "U.S. Government Plaintiff" as the jurisdictional basis and describes her cause of action as "violation arbitration." Doc. 2 at 2. She

also states that Ride Time "sold the original vehicle, [and] need to recover deposit." *Id.* In the nature-of-suit section, Isom checks multiple boxes, including ones for recovery of overpayment of veteran's benefits, contract product liability, other fraud, truth in lending, securities commodities exchange, and arbitration. *Id.*

Upon review, however, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.

**II.    ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Isom's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.*

FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Isom has not alleged facts that establish federal question jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). The complaint in this case contains no factual allegations that support federal question jurisdiction. Doc. 2 at 1-2. Isom does not allege any federal constitutional or statutory violation and, at best, complains of breach of contract—a state law cause of action. Further, it is of no moment that Isom checked the civil cover sheet box for "U.S. Government plaintiff," as she makes no allegations to support such. Doc. 2 at 2.

Plaintiff's assertion that Defendant Ride Time is located in Texas, defeats subject-matter jurisdiction on the basis of diversity. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). In addition, because the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Isom in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, Isom's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 15, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).